**Affirmed and Memorandum Opinion filed September 16, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00263-CR

### CHRISTOPHER LAMONT PENN, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1345118**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Christopher Lamont Penn of capital murder[1] and the trial court assessed a mandatory punishment at life imprisonment without parole.[2]  Appellant challenges his conviction in four issues, arguing that (1) the evidence is legally insufficient to support his capital murder conviction because the

---

[1] *See* Tex. Penal Code Ann. § 19.03(a)(2) (Vernon Supp. 2014).

[2] *See* Tex. Penal Code Ann. § 12.31(a)(2) (Vernon Supp. 2014).

State did not establish that appellant robbed or attempted to rob the complainant Reginald Williams; (2) appellant was denied due process because there is no evidence to support a finding that appellant robbed the complainant; (3) his mandatory punishment of life imprisonment without parole violates the United States and Texas Constitutions because it does not allow consideration of mitigating evidence; and (4) the court costs should be deleted because the record does not contain a proper bill of costs. We affirm.

## BACKGROUND

On March 11, 2011, appellant told his brother Anthony Smith that he needed money and asked about a drug dealer Smith knew. The drug dealer, Markquis Richard, previously had sold marijuana to Smith. Appellant conveyed to Smith that he intended to go to Richard's apartment to rob him of drugs and money. Appellant threatened to make Smith stop living in appellant's home if Smith did not help with the robbery. Appellant and Smith then drove to Richard's apartment; they planned to rob Richard only if he was alone.

Appellant was armed with a knife when he and Smith arrived at Richard's apartment. Richard's brother Malquan King was present in the apartment; Ieasha Fletcher, two other women, and complainant Reginald Williams also were in Richard's apartment helping Richard pack to move the next day. Appellant and Smith remained in Richard's apartment briefly, then left so appellant could retrieve his gun.

Appellant, armed with his gun, and Smith later returned to Richard's apartment while Richard's brother and friends still were at the apartment. Smith asked to buy marijuana. As Richard turned to tell his brother to retrieve the marijuana, appellant grabbed Richard and pointed the gun at Richard's face. Appellant told Richard, "You know what time it is. Lay it down," which Richard

2

understood to mean appellant was "fixing to rob" him. Appellant laid Richard on the ground, pointed and waived the gun at everyone present in the apartment, and asked repeatedly, "[W]here is it at?" King pulled a bag out of his pocket containing a small amount of marijuana and stated that they did not have any more.

At this point, the complainant jumped up from a nearby bed and ran toward a bedroom. Appellant fired his gun at the complainant, chased the complainant into the bedroom, and fired again; the complainant then jumped out of a window.

Richard got up and ran out of the apartment to find a gun or get help. Smith took the bag of marijuana from King, and then left the apartment with appellant. Fletcher ran upstairs to her apartment; she found the complainant close by on the ground screaming for help. The complainant soon died from a gunshot wound to the torso.

Appellant was charged with capital murder; the indictment alleged that appellant intentionally caused the death of the complainant "while in the course of committing and attempting to commit" the robbery of the complainant. A jury found appellant guilty of capital murder, and the trial court imposed a mandatory sentence of life imprisonment without parole. Appellant filed a timely appeal.

ANALYSIS

I. Sufficiency of the Evidence

Appellant argues in his first issue that the evidence is legally insufficient to support his capital murder conviction because the State did not establish that appellant robbed or attempted to rob the complainant. According to appellant's brief, "[T]he evidence supports [that appellant] was robbing a different individual" when he shot the complainant.

3

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational factfinder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011). In making this review, an appellate court considers all evidence in the record, whether it was admissible or inadmissible. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013). This standard of review applies to cases involving both direct and circumstantial evidence. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and the standard of review on appeal is the same for both direct and circumstantial evidence cases. *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004).

The jury is the exclusive judge of the credibility of witnesses and the weight of the evidence. *See Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). We defer to the jury's responsibility to fairly resolve conflicts in the evidence, and we draw all reasonable inferences from the evidence in favor of the verdict. *Id*. Therefore, the testimony of a single eyewitness can be enough to support a conviction. *Lee v. State*, 176 S.W.3d 452, 458 (Tex. App.—Houston [1st Dist.] 2004), *aff'd*, 206 S.W.3d 620 (Tex. Crim. App. 2006). In conducting a sufficiency review, we do not engage in a second evaluation of the weight and credibility of the evidence, but only ensure the jury reached a rational decision. *Young v. State*, 358 S.W.3d 790, 801 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd).

A person commits the offense of capital murder if the person intentionally or knowingly causes the death of an individual in the course of committing or attempting to commit robbery. *See* Tex. Penal Code Ann. § 19.02(a)(2) (Vernon

4

2011), § 19.03(a)(2) (Vernon Supp. 2014).

A person commits robbery if, in the course of committing theft and with intent to obtain or maintain control of the property, the person intentionally, knowingly, or recklessly (1) causes bodily injury to another; or (2) threatens or places another in fear of imminent bodily injury or death. *See* Tex. Penal Code Ann. § 29.02(a) (Vernon 2011).

A person commits theft if he appropriates property without the owner's consent and with intent to deprive the owner of the property. *See* Tex. Penal Code Ann. § 31.03(a), (b)(1) (Vernon Supp. 2014). "'In the course of committing theft' means conduct that occurs in an attempt to commit, during the commission, or in the immediate flight after the attempt or commission of theft." Tex. Penal Code Ann. § 29.01(1) (Vernon 2011).

Appellant does not challenge the sufficiency of the evidence establishing that he killed the complainant and robbed Markquis Richard and Malquan King. Appellant concedes in his brief that the "evidence was overwhelming that the persons robbed were Markquis Richard, and possibly his brother Malquan. . . . There is evidence of a robbery of Markquis and his brother."

Appellant instead challenges the sufficiency of the evidence to support his capital murder conviction by contending there is no evidence that he killed the ***complainant*** while robbing or attempting to rob the ***complainant***. Appellant argues that the complainant was only a "bystander" to the robbery of Richard and King. Appellant contends he was not stealing or attempting to steal from the complainant when he shot the complainant; therefore, appellant contends he did not rob or attempt to rob the complainant.

In essence, appellant argues that the victim of the theft and the victim of the

robbery must be identical, and the individual assaulted in the course of committing theft must be the intended victim of the theft in order to commit a robbery. We disagree.

Theft is the underlying offense for a robbery. *Ex parte Hawkins*, 6 S.W.3d 554, 560 (Tex. Crim. App. 1999). Robbery is a form of assault. *Id.*; *Boston v. State*, 373 S.W.3d 832, 839 (Tex. App.—Austin 2012), *aff'd*, 410 S.W.3d 321 (Tex. Crim. App. 2013). "[T]he offense of robbery includes any violence in the course of effectuating [a] theft as well as any violence while in immediate flight from the scene of the theft." *Lightner v. State*, 535 S.W.2d 176, 177 (Tex. Crim. App. 1976) (affirming aggravated robbery conviction of defendant who assaulted a police officer after stealing money from a cash register).

To prove robbery, the State is not required to prove that the complainant's property was taken. *See* Tex. Penal Code Ann. §§ 29.01(1), 29.02(a). "No completed theft is required for the proscribed conduct to constitute the offense of robbery." *White v. State*, 671 S.W.2d 40, 41 (Tex. Crim. App. 1984); *Sweed v. State*, 321 S.W.3d 42, 47 (Tex. App.—Houston [1st Dist.] 2010), *rev'd on other grounds*, 351 S.W.3d 63 (Tex. Crim. App. 2011); *Camacho v. State*, 825 S.W.2d 168, 170 (Tex. App.—Fort Worth 1992, pet. ref'd). "Nor is it necessary that the victim of the theft or attempted theft and the victim of the robbery be the same." *White*, 671 S.W.2d at 41-42 (affirming aggravated robbery conviction of getaway driver who shot pursuing bystander in order to free companion who had attempted to steal a purse); *Sweed*, 321 S.W.3d at 47 (affirming aggravated robbery conviction and holding appellant was not entitled to a lesser-included instruction on theft); *Camacho*, 825 S.W.2d at 170 (affirming conviction of two counts of aggravated robbery where defendant threatened one employee while stealing money from him and then threatened another employee before driving away in a

car).

There is ample evidence in this case that appellant and Smith went to Richard's apartment intending to steal drugs and money from Richard. Appellant grabbed Richard and pointed a gun at Richard's face. Appellant laid Richard on the ground, pointed and waived a gun at everyone present in the apartment, and asked repeatedly, "[W]here is it at?" Richard's brother King then pulled a bag with a small amount of marijuana out of his pocket. The complainant, who was among those present in the apartment, jumped up from a nearby bed at that point and ran toward a bedroom. Appellant immediately fired his gun at the complainant; chased the complainant into the bedroom; and fired at the complainant again, striking the complainant in the torso and killing him. Smith took the bag of marijuana from King and then left the apartment together with appellant.

This evidence is sufficient for a reasonable jury to conclude that appellant intentionally caused the complainant's death while in the course of committing the robbery of the complainant. This evidence is sufficient because the victim of the theft and the victim of the robbery need not be the same. *See White*, 671 S.W.2d at 41-42; *Sweed*, 321 S.W.3d at 47; *Camacho*, 825 S.W.2d at 170. Appellant committed robbery by intentionally causing bodily injury to the complainant in the course of committing the theft of Richard's marijuana and with intent to obtain control of the marijuana.

Accordingly, we reject appellant's contention that the evidence in this case is legally insufficient to support his capital murder conviction on the ground that there is no evidence that he killed the complainant in the course of robbing or attempting to rob the complainant. Thus, we conclude that the evidence is legally sufficient to support appellant's capital murder conviction.

We overrule appellant's first issue.

## II. Due Process

Appellant contends in his second issue that he was "denied due process because there was no evidence in the record that he was robbing" the complainant. Appellant cites *Adames v. State*, 353 S.W.3d 854, 859-60 (Tex. Crim. App. 2011), for this proposition: "[T]he Court of Criminal Appeals explained it was error to sustain a conviction based upon a charge for which the defendant was not indicted." Appellant also states that he "was not indicted for the robbery or attempted robbery of [Richard] – he was charged with the attempted robbery of [the complainant]. While the evidence may be sufficient as to [Richard] – it is wholly insufficient [a]s to [the complainant]." Appellant concludes his argument by stating that "[t]here is insufficient evidence to support the conviction. [Appellant] was denied due process and the case should be reversed and an acquittal rendered."

We reject appellant's contention. First, appellant was not convicted "based upon a charge for which [he] was not indicted." Appellant was indicted for intentionally causing the death of the complainant while in the course of committing and attempting to commit robbery; and the charge essentially tracked the indictment language. Second, we already have concluded that the evidence is legally sufficient to support the jury's finding that appellant robbed the complainant and thus is sufficient to support appellant's capital murder conviction. Accordingly, there is no due process violation as asserted by appellant.

We overrule appellant's second issue.

8

### III. Punishment

Appellant argues in his third issue that the automatic punishment of life without parole violates the Eighth Amendment of the United States Constitution and article 1, section 13 of the Texas Constitution because the sentencing scheme provided no opportunity for the consideration of mitigating evidence.

The Texas Rules of Appellate Procedure require a party to preserve error for appellate review by demonstrating the error on the record. Tex. R. App. P. 33.1(a); *Clark v. State*, 305 S.W.3d 351, 354 (Tex. App.—Houston [14th Dist.] 2010), *aff'd*, 365 S.W.3d 333 (Tex. Crim. App. 2012). The party must make the complaint in a timely manner and state the grounds for the ruling that the complaining party seeks from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context. Tex. R. App. P. 33.1(a)(1)(A). In raising the complaint on appeal, the party must ensure the issue is the same as the complaint or objection made during trial. *Clark*, 305 S.W.3d at 354. Even constitutional errors can be waived if a party fails to properly object to the errors at trial. *Id.* at 355. A challenge to the constitutionality of a statute may not be raised for the first time on appeal. *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (facial challenges); *Curry v. State*, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995) (as-applied challenges). Therefore, if a party's objection at trial does not correspond with its issue on appeal, the party has waived that issue. *Clark*, 305 S.W.3d at 354.

Appellant failed to preserve error by voicing his complaint in the trial court, and appellant concedes that "[t]here was no objection to the mandatory sentencing scheme" in the trial court. This court already has rejected a substantially similar complaint as asserted by appellant based on failure to preserve error in the trial court and held that this complaint did not constitute a complaint of fundamental

error. *Cerna v. State*, No. 14-12-01126-CR, 2014 WL 3908117, at *6 (Tex. App.—Houston [14th Dist.] Aug 12, 2014, no pet. h.); *see also Wilkerson v. State*, 347 S.W.3d 720, 722–23 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (rejecting similar complaint based on failure to preserve error in the trial court).

We overrule appellant's third issue.

## IV.    Court Costs

Appellant argues in his fourth issue that the assessed court costs should be deleted from the judgment because there is no bill of costs in the record. Appellant contends that a Harris County Justice Information Management System (JIMS) "Cost Bill Assessment" is not a proper bill of costs "as contemplated and required by law" because it was signed by a deputy clerk and dated six days after the trial court judgment was signed.

We review the assessment of court costs on appeal to determine if there is a basis for the costs, not to determine whether there was sufficient evidence offered at trial to prove each cost. *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). Traditional sufficiency-of-the-evidence standards of review do not apply. *Id.*

Generally, a bill of costs must (1) contain the items of cost, (2) be signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost, and (3) be certified. *Id.* at 392–93; *see* Tex. Crim. Proc. Code Ann. arts. 103.001, 103.006 (Vernon 2006). The Court of Criminal Appeals of Texas has held that a JIMS report constitutes an appropriate bill of costs if the report itemizes the accrued court costs in the appellant's case, contains a certification by the trial court clerk that the document is a true and correct copy of the original, and is signed by a deputy clerk. *Johnson*, 423 S.W.3d at 393.

10

The record in this case contains a computer-screen printout of the Harris County Justice Information Management System (JIMS) "Cost Bill Assessment." The JIMS report in this record is a compliant bill of costs because it contains an itemized list of costs in appellant's case, a certification by the district clerk that the document is a true and correct copy of the original, and a signature of a deputy district clerk. *See id.* at 392-93. That the bill of costs was not prepared until after the trial court signed the judgment does not defeat the lawfulness of the bill of costs. *Id.* at 394. Accordingly, appellant's argument provides no basis for relief. There being no challenge to any specific cost or the basis for the assessment of such cost, the bill of costs supports the costs assessed in the judgment. *See id.* at 395.

We overrule appellant's fourth issue.

## CONCLUSION

Having overruled appellant's four issues, we affirm the trial court's judgment.


/s/          William J. Boyce
             Justice


Panel consists of Justices Boyce, Busby and Wise.

Do not Publish — Tex. R. App. P. 47.2(b).